**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| Daniel Lee Williams, #18946-021, | C/A: 4:20-cv-2715-RMG |
| Petitioner, | |
| v. | **ORDER AND OPINION** |
| Warden, F.C.I Bennettsville, | |
| Respondent. | |

Before the Court is the Report & Recommendation ("R & R") of the Magistrate Judge recommending that Petitioner's petition for relief under 28 U.S.C. § 2241 be denied and dismissed without prejudice (Dkt. No. 10). For the reasons set forth below, the Court adopts the R & R as the order of the Court and dismisses the petition without prejudice.

I.  **Background**

In June 2014, after pleading guilty to violation of felon in possession of a firearm, 18 U.S.C. § 922(g), Petitioner was convicted and sentenced by the District Court for the Southern District of Georgia. *U.S. v. Williams*, No. 6:14-cr-0015-JRH-CLR (S.D. Ga.). Petitioner now argues that—under *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020) and *Rehaif v. United States*, 139 S. Ct. 2191 (2019)—his conviction and sentence were illegal because the government did not prove the knowledge of status element. The Magistrate Judge filed an R & R recommending that the petition be summarily dismissed. (Dkt. No. 10). On October 7, 2020 Petitioner filed objections to the R & R. (Dkt. No. 15).

II.  **Legal Standard**

The Magistrate Judge makes a recommendation to this Court that has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in

-1-

part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* Where a petitioner has not objected, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection ... we do not believe that it requires any explanation."). Because Petitioner filed objections to the R & R, the Court reviews the R & R *de novo*.

### III.    Discussion

The Magistrate Judge carefully addressed the issues and correctly concluded that Petitioner's § 2241 petition should be dismissed. "[I]t is well established that defendants convicted in federal court are obligated to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010). The defendant must otherwise satisfy the § 2255 savings clause, which provides that the petition "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). But the "remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997)

First, when the petitioner contests his detention, he must demonstrate under the *Jones* test that a § 2255 motion would be inadequate or ineffective by showing:

> 1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000). Second, to contest his sentence, the petitioner must demonstrate under the *Wheeler* test that a § 2255 motion would be inadequate or ineffective because

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). Finally, "[i]n evaluating substantive claims under the savings clause . . . [a court] look[s] to the substantive law of the circuit where a defendant was convicted." *Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019). Because Petitioner was convicted in United States District Court of the Southern District of Georgia, this Court considers the substantive law of the Eleventh Circuit Court of Appeals.

As the Magistrate Judge comprehensively discussed, Petitioner cannot meet the second element of the *Wheeler* or *Jones* tests—a subsequent change in substantive law—required to allow his § 2241 petition. Petitioner cannot show that *Rehaif* made his conduct not criminal as a matter of law. *See Hoffman v. Breckon*, No. 7:18-cv-0265, 2010 WL 929589, at *9 (W.D. Va. Feb. 26, 2020) (collecting district court cases in the Fourth Circuit finding that § 2241 petitioners could not satisfy the second element of *Jones* test based on *Rehaif*); *United States v. McLennan*,

958 F.3d 1110, 1118 (11th Cir. 2020) (failure to charge an element of the offense pre-*Rehaif* is a non-jurisdictional defect).  Moreover, Petitioner signed a plea agreement wherein he agreed to the accuracy of the fact that he had been previously convicted of a felony. *U.S. v. Williams*, No. 6:14-cr-0015-JRH-CLR (Dkt. No. 46 at 1) (indicating Petitioner "agree[d] . . . [he] had previously . . . been convicted of a felony offense").[1] And *Rehaif* itself has not been held to apply retroactively, as required by the *Wheeler* test. *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019).[2] For these reasons, Petitioner has not satisfied the § 2255 savings clause and his § 2241 petition must be dismissed without prejudice.

**IV.** Certificate of Appealability

28 U.S.C. § 2253 provides:

(c)(2) A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability ... shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

---

[1] Though Petitioner objects that the Magistrate Judge erred in declining to apply *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020) (treating a *Rehaif* error as structural on direct review when considering the prejudice prong of the plain error test), *see* (Dkt. No. 15 at 4), the Magistrate Judge correctly found that *Gary* "is of no assistance to [Petitioner] as it is not the substantive law of his sentencing court," (Dkt. No. 10 at 4). *See Pullins v. Dobbs*, No. 0:19-CV-3492-JFA, 2020 WL4581743, at *3 (D.S.C. Aug. 10, 2020) (rejecting applicability of Fourth Circuit cases *Lockhart* and *Gary* in analyzing subject matter jurisdiction by a 2241 petitioner sentenced out of Georgia) (appeal filed Aug. 25, 2020).

[2] Petitioner further objects that the Supreme Court's decision "[]n *Rehaif* . . . is retroactive in collateral review, because it was a substantive change of law after [Petitioner's] plea . . . ." (Dkt. No. 15 at 2-3).  Petitioner's contention, however, is not true. *See In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (noting that even if "*Rehaif* had announced a new rule of constitutional law, as Palacios concedes in his application, it was not made retroactive to cases on collateral review by the Supreme Court") (citing *Tyler v. Cain*, 533 U.S. 656, 661-66, 121 S. Ct. 2478, 150 L.Ed.2d 632 (2001)).

28 U.S.C. § 2253; *see also* Rule 1(b) Governing Section 2254 Cases in the United States District Courts ("The district court may apply any or all of these rules to a habeas corpus petition not covered by [28 U.S.C. § 2254].").

A prisoner satisfies the standard by demonstrating that reasonable jurists would find the Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee,* 252 F.3d 676, 683 (4th Cir. 2001). Here, the legal standard for the issuance of a certificate of appealability has not been met because a reasonable jurist would not find it debatable that Petitioner failed to satisfy the § 2255(e) savings clause under either the *Jones* or *Wheeler* tests. Therefore, a Certificate of Appealability is denied.

### V.    Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 10) as the order of the Court and **DISMISSES** Petitioner's petition **WITHOUT PREJUDICE**.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
United States District Court Judge

October 14, 2020
Charleston, South Carolina